## CIRCUIT COURT OF CHESTERFIELD COUNTY

Margaret Rath

v.

David Rath

November 14, 1995

Case No. CH95-639

By Judge Herbert C. Gill, Jr.

The parties were before the Court on July 12, 1995, upon Plaintiff's motion for pendente lite relief. A subsequent hearing was held on October 17, 1995, on the validity of the Property Settlement Agreement entered into between the parties on April 20, 1994.

Defendant alleges that the Property Settlement Agreement is unconscionable. He claims that it was entered into under duress and undue influence. To avoid a contract because it was unconscionable or was obtained by constructive fraud or duress, the one contesting the contract must prove the allegations by clear and convincing evidence. *Derby v. Derby*, 8 Va. App. 19 (1989). "The law presumes that every adult who executes an agreement is mentally competent to enter into a contract." *Drewry v. Drewry*, 8 Va. App. 460, 467 (1989).

After reviewing the evidence presented ore tenus on October 17, 1995, that submitted by deposition, and the written arguments on behalf of each party, this Court is of the opinion that Defendant has not met his burden of proving duress or undue influence. Defendant testified that he was advised by an attorney before signing the agreement. That attorney testified that he advised Defendant not to sign the agreement and counseled defendant about the consequences of his doing so. Defendant's superior officers testified that they did not order him to sign the agreement.

"[M]arital property settlements entered into by competent parties under valid consideration for lawful purposes are favored in the law and such

will be enforced unless their illegality is clear and certain." *Cooley v. Cooley*, 220 Va. 749, 752 (1980). Any issue of unconscionability of a premarital agreement shall be decided by the Court as a matter of law.

The Court has reviewed the provisions of the Property Settlement Agreement and is of the opinion that the same are lawful and entered into upon valid consideration. Further, there is credible evidence before the Court that the parties entered into the agreement voluntarily and without duress. The Court has not found that Defendant was coerced into signing the agreement by either Plaintiff or by his superior officers. Defendant has failed to prove by clear and convincing evidence that the Property Settlement Agreement was unconscionable.